**FILED**

Gregory A. Moyer
16442 Hightop Way Nw
Cass Lake, Minnesota 56633
469-543-9957
Gregorymoyer1@icloud.com

AUG 1 8 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

# UNITED STATES DISTRICT COURT

## for the

### Western District of Oklahoma

Civil Division

**CIV 21 817 C**

Case No. _____

Gregory Ashley Moyer;
            Plaintiff,

-vs-

Honorable Phillip C. Corley, Judge
of the Oklahoma 9th District,
Payne County; Katherine E.
Thomas, Judge of the Oklahoma
9th District, Payne County; Jimmy
Oliver, Attorney at Law; Melissa
Griner DeLacerda, Attorney at
Law; Justin Brown in official
capacity as State Director of
Oklahoma Department of Human
Services; Mary Stinnett (f/k/a
Mary Moyer); Virginia Banks,
Attorney at Law; Lisa Thompson,
Special Court Clerk District 9;
            Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C 1983

DEMAND TRIAL BY JURY

1

# COMPLAINT FOR A CIVIL CASE

## I.   PARTIES TO COMPLAINT

### A.   The Plaintiff(s)

| | |
|---|---|
| Name | Gregory Ashley Moyer |
| Street Address | 16442 Hightop Way Nw. |
| City and County | Cass Lake |
| State and Zip Code | Minnesota, 56633 |
| Telephone Number | 469-543-9957 |
| E-mail Address | gregorymoyer1@icloud.com |

Defendant 1. Katherine Thomas
Special Court Judge

Defendant 2. Judge Phillip C. Corley,
Presiding Judge, District Court 9

Defendant 3. Virginia Banks Attorney
At Law
116 West 7th Ave, #232
Stillwater, Payne County 74074

| | |
|---|---|
| Defendant No. 4 Name | Mary Stinnett |
| Job or Title | Admin Support Specialist |

2

| | |
|---|---|
| Street Address | 401 Mathmatical Sciences Building |
| City and County | Stillwater, Payne |
| State and Zip Code | Oklahoma 74078 |
| Telephone Number | |

**Defendant No. 5**

| | |
|---|---|
| Name | Jimmy Oliver |
| Job or Title | Attorney at Law for Law Office of Melissa DeLacerda and Jimmy Oliver |
| Street Address | 301 South Duck Street P.O. Box 1252 |
| City and County | Stillwater, Payne |
| State and Zip Code | Oklahoma, 74076 |
| State and Zip Code | |

**Defendant No. 6**

| | |
|---|---|
| Name | Melissa Griner DeLacerda |
| Job or Title | Attorney at Law for Law Office of Melissa DeLacerda and Jimmy Oliver |
| Street Address | 301 South Duck Street P.O. Box 1252 |
| City and County | Stillwater, Payne |
| State and Zip Code | Oklahoma, 74076 |

**Defendant No. 7**

| | |
|---|---|
| Name | Justin Brown |
| Job or Title | Director Oklahoma Department Human Services |
| Street Address | 2400 N Lincoln Boulevard |
| City and County | Oklahoma City Oklahoma |
| State and Zip Code | Oklahoma 73111 |

**Defendant No. 8**

3

| | |
|---|---|
| Name | Kelli Price |
| Job or Title | Attorney Oklahoma Department Human Services |
| Street Address | 2400 N Lincoln Boulevard |
| City and County | Oklahoma City Oklahoma |
| State and Zip Code | Oklahoma 73111 |

| | |
|---|---|
| Defendant No. 9<br>Name | Lisa Thompson |
| Job or Title | Special Clerk Of Court for Judge, District 9 |
| Street Address | 606 South Husband Street |
| City and County | Stillwater, Payne |
| State and Zip Code | Oklahoma 74074 |
| Telephone Number | 405-372-4380 |

## II.   JURISDICTION AND VENUE

1.     The basis for Federal Court Jurisdiction is a Federal Question. This action is being

filed for deprivation of rights under 42 U.S.C. § 1983, specifically violations of Plaintiff's

due process rights under the 14th Amendment of the United States Constitution and violation

of Plaintiff's fundamental right to be an active and integral part of his children's lives.

2.     The incidents that gave rise to this cause of action took place in Payne County,

Oklahoma, cases FD-2015-458 and PO-2020-71. Therefore, the venue is proper in the

Western District Court of Oklahoma which serves the Oklahoma District 9 court and Payne

County, Oklahoma.

4

3.      Defendant Katherine E. Thomas is an appointed Judge for the District 9 Court of Oklahoma and attorney licensed to practice law in the State of Oklahoma with her principal place of business in Stillwater, Payne County, Oklahoma.

4.      Defendant Phillip C. Corley is an elected Judge for the District 9 Court of Oklahoma and attorney licensed to practice law in the State of Oklahoma with his principal place of business in Stillwater, Payne County, Oklahoma.

5.      Defendant Virginia A. Banks is a private practicing Attorney and was present during proceedings before and on October 19, 2017 representing as a public defender for the Plaintiffs contempt sentencing.

6.      Defendant Mary Stinnett is the ex-wife of the Plaintiff and biological mother of two minor children shared in custody with the Plaintiff.

7.      Defendant Jimmy Oliver is an Attorney for Mary Stinnett and has been present during proceedings.  He is an Oklahoma attorney licensed to practice law in the State of Oklahoma and is partners at the Law Office of Melissa DeLacerda and Jimmy Oliver.

8.      Defendant Melissa Delacerda is an Attorney for Mary Stinnett and has been present during proceedings.

9.      Defendant Justin Brown is the State Director of the Oklahoma Department of Human Services.

10.      Defendant Kelli Price is an Attorney for the Oklahoma Department of Human Services and was present during proceedings.

11.      Defendant Lisa Thompson is the special court clerk to Judge Thomas and has been

5

present during proceedings and prior to proceedings at security entrance in the duty of

checking persons into court.

12.     Plaintiff is an individual who resides in Cass Lake, Minnesota and Broken Arrow

Oklahoma.  The time leading up to the proceedings initiated December, 2nd 2015, the

Plaintiff once resided in Payne County, Oklahoma.

### III.     STATEMENT OF CLAIMS

13.     Plaintiff Gregory Ashley Moyer ("Moyer") alleges:

14.     This action is being filed for deprivation of rights under 42 U.S.C. § 1983,

specifically violations of Plaintiff's due process rights under the 14th Amendment of

the United States Constitution and violation of the Plaintiff's fundamental right to be

an active and integral part of his children's lives. Those limited circumstances

circumventing ones constitutional protection were never heard and are now actively

being dismissed by the District 9 Court of Oklahoma resulting in a severely damaged

relationship between Parent and  child, child and siblings Peyton Moyer and Laney

Moyer of previous marriage, and the separation from other extended family members

of the Plaintiff. In addition to the 14th Amendment protection violations there have

also been 8th Amendment, 6th Amendment protection violations, 5th Amendment

violations, as well as several violations of State Code and public agency policy; these

actions continue to be allowed by the court during proceedings and scheduling as the

court has shown it is willing to reach conclusions in advance of requests or trial.

15.      A. The  Final Divorce Decree was issued January 19th, 2017.  Those orders were in

full force and effect until further notice from the Court. In his underlying Family Law

matter, Moyer was stripped of his parental rights during a hearing October 19th, 2017 for

sentencing for the State of Oklahoma's claim of failure to pay child support arrearages. Mr.

Moyer could not pay the exorbitant amount required by the States rulings due to a change in

work availability, change in work status, a very severe medical condition requiring

hospitalization that was still healing, general depression as caused by a severing of the

Parental Child bond suffered by Mr. Moyer leading up to and continuing during the court

proceedings, and a lack of capital resources never investigated by the Defendants.

Plaintiff's due process rights were violated on October 19, 2017 when Plaintiff's visitation

with the two minor children was suspended. Plaintiff appeared at the hearing while being

held in-custody for contempt for several weeks, for unpaid child support and alimony, as

previously ordered.  Portions of that incarceration in the Payne County Jail were in isolation

and with poor medical care for known conditions of extreme near death infection, a severe

tremor,  and lengthy hospital stay just weeks before. The written order, signed by Judge

Katherine Thomas on November 13, 2017 and filed on November 15, 2017 did not include

nor provide a thorough analysis of ability to pay, condition of the citizens health,  very little

if any effort to understand the severity of the abuse the Plaintiff was enduring at the hands

of the Defendant, nor provide to the Defendant any basis for the revocation of Plaintiff's

visitation nor did it provide specifics as to how Plaintiff was to regain his fundamental rights, other than to provide a vague statement that Plaintiff could make application showing proof of mental health treatment.

16.     B. The Plaintiff had no ability to prepare nor assert any defense to the suspension of his fundamental rights as he was not provided with notice that this issue would be raised at the hearing nor the ability to contest any information present to the Judge by whomever was providing information. Additionally, the court did not provide any meaningful nor specific plan, for fundamental fairness, in order for Plaintiff to regain his fundamental rights.

17.     C. On November 6, 2017 Plaintiff did file a report of mental health treatment, from Jail with the court, through email, but no acknowledgement of this was ever made by any Judicial Officer serving as Judge as being sufficient to have the Visitation and Parental Rights Reinstated. The Clerk of Courts stated to the Plaintiff that Legal Counsel would be necessary to submit the proof of "Mental Health Treatment" thus continuing the Order.

18.     D. Virginia Banks appeared  at the Contempt hearing with Plaintiff in 2017.  Virginia did not advise the court Plaintif of the context of the upcoming hearing or his legally protected rights in a way that was Admissible and Consistent with her emails to the Plaintiff.  She is a criminal defense attorney who was representing Moyer on the indirect contempt charges only per an email sent to Mr. Moyer while he was in the custody of Judge Thomas in the Payne County Jail. The custody, visitation and ability to parent matter is a complicated civil family law issue in which further hearings should have occurred with

proper notice and evidence presented by both sides. However, immediately following the ruling, Virginia Banks made statements that "They"  meaning the Opposing Counsel of Delacerda and Oliver, Defendant Mary Stinnett, and the Judge Thomas, were attempting to "Force an Adoption" for Mrs. Stinnett and her soon to be new husband. I now believe Virginia Bank's statement meant as a message to me, that the group was trying to terminate all parental rights in order to criminally coerce Mr. Moyer.  There have been repeated attempts to retrieve discovery from Mrs. Banks with no success.

19.     E. On the date of October 19th, 2017, an order was placed on the Record by Judge Katherine Thomas suspending visitation rights of Gregory Moyer. Remaining Court Orders of the case are still in full effect, not related to "visitation" parenting time with the minor children, however there is no way to exercise those rights. Repeated attempts to be involved with the children's schooling has been denied. No information regarding the children's safety, associations, health or whereabouts has been shared with Mr. Moyer. Private health information is hidden from Mr. Moyer.

20.     F. The State of Oklahoma Department of Human Services was in attendance by way of State Attorney Kelly Price who recommended verbally to Opposing Counsel Attorney, Melissa Delacerda, a One Year Sentence.

21.     G. Judge Thomas-presiding Special Judge who presided over the hearing on October 19th, 2017 and issued the Order suspending visitation. The written order, signed by Judge Katherine Thomas on November 13, 2017 and filed on November 15, 2017, did not include

any basis for the revocation of Plaintiff's visitation nor did it provide specifics as to how

Plaintiff was to regain his fundamental rights, other than to provide a vague statement that

Plaintiff could make application showing proof of mental health treatment. Notice of the

hearing indicated that the only issue to be addressed was sentencing on the contempt charge.

There was no motion nor any notice provided to indicate that the Court and attorneys were

going to address Plaintiff's fundamental right to be an active and integral part of his

children's lives by changing the visitation status that had previously been ordered as part of

the final Divorce Decree. During the hearing, the Court Ordered that Plaintiff's visitation

rights were to be suspended until application was made showing proof Plaintiff had received

mental health treatment. That is the whole order and it has been fulfilled. Further

information was requested by Opposing Counsel and repeated attempts to hold court on the

matter have been denied or fraudulently held.

22.     H.  Judge Corley- presiding Judge of District 9, and has been the supervising Court

Officer of Judge Thomas for the duration of the cases involving the Plaintiff. The original

Attorney on Record for the Plaintiff was Kye Corley, Son of Judge Phillip C. Corley, and

through admission and now public notice, that Kye Corley would not be performing high

conflict cases in his court of Payne County, in Stillwater Oklahoma.

23.     I.  The original service of a Protection Order attempted to be served was sent to an

address in which Mr. Moyer has never resided and in fact was the Plaintiffs 91 year old

Grandmother's home. The address was provided to the Court Clerk out of Harassment by

Mrs. Stinnett and Jimmy Oliver.

24.    J. On the hearing date for order of protection. The Plaintiff (MOYER) was in attendance as required. Upon reaching the front doors of the Courthouse, he was met by Special Court Clerk Lisa Thompson. Mrs. Thompson was supposedly taking attendance for the day's cases, and told Mr. Moyer that the hearing was not going to occur that day because it was on the incorrect docket. No further notice or contact was made by opposing  counsel or the court to notify the Plaintiff that there had been a new date set for the Hearing. One week later the case was heard without proper notification. It was at this hearing that the permanent Order for protection was set. No evidence of the Plaintiff was allowed to be presented to the Court.

## IV. RELIEF

25. The Order removing Plaintiffs visitation continues to damage to the ability to form a proper defense because of lack of proper notice.

26. The Court continues to cause damage to the ability to form a proper defense or agreement with the Court on current FD-2015-458 or associated case PO-220-71

27. The actions of the Defendants continue to cause irreparable damage to the protected parent child relationship.

28. The Order continues to cause damage to the reputation and trust of the Court.

29. The Order continues to cause loss of financial gain including future expenditures.

30. The Order continues to raise the cost of therapy reunification therapy and other counseling needed of the family.

31. The Order continues to cause damage to the reputation of Gregory Moyer.

32. The Order continues to cause damage to the relationships of Gregory Moyer's and minor children in question with other biological siblings Peyton V. Moyer and Laney M. Moyer.

33. The Order has Violated my ability to keep private and secure confidentially protected health Information.

## DECLARATORY JUDGEMENT

34. Unknown at this time.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

35. Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules ofCivil Procedure in order to implement and carry out the tenses of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

36. Order State District 9 Court to reversal of State Court Order.

37. Grant Monetary Damages in the 10 million dollars

38.     Grant Monetary Damages to the Federal Government, reversing allocated federal

funds for Department of Human Services, and additional fines.

39.     Grant such further relief as this Court may determine to be just and necessary.

---

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

signing:          Date of        $8-18-21$

Plaintiff         Signature of

Plaintiff         Printed Name of        Gregory Moyer

13