N THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY A. MOYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-817-C |
| ) | |
| HONORABLE PHILIP C. CORLEY, ) | |
| Judge of the Oklahoma 9th District, Payne ) | |
| County; KATHERINE E. THOMAS, ) | |
| Judge of the Oklahoma 9th District, Payne ) | |
| County; JIMMY OLIVER, Attorney at ) | |
| Law; MELISSA GRINER DELACERDA, ) | |
| Attorney at Law; JUSTIN BROWN, in his ) | |
| official capacity as State Director of ) | |
| Oklahoma Department of Human Services; ) | |
| KELLI S. PRICE, Attorney at Law; ) | |
| MARY STINNETT (f/k/a Mary Moyer); ) | |
| VIRGINIA BANKS, Attorney at Law; ) | |
| LISA THOMPSON, Special Court ) | |
| Clerk District 9, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, appearing pro se, filed this action asserting claims arising from a divorce proceeding between him and Defendant Mary Stinnett. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, alleging the actions of Defendants violated his Due Process rights under the Fourteenth Amendment. Plaintiff also asserts claims pursuant to the Fifth, Sixth, and Eighth Amendments. Defendants have filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Because many of the arguments raised by the Defendants rely on similar legal authority, the Court will resolve the Motions as they fit within that authority.

A. Statute of Limitations

All Defendants argue that any claims occurring prior to August 18, 2019[1] are barred by the statute of limitations. Plaintiff argues the limitations period is tolled because his children are minors. Alternatively, Plaintiff argues it cannot be determined at this time when he became aware he had knowledge a constitutional violation had occurred.

As noted, Plaintiff's claims are brought pursuant to § 1983. The statute of limitations for a § 1983 claim is two years. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Bd. of Regents of State of Kan., 991 F.2d 628, 632 (10th Cir. 1993). Here, Plaintiff complains of various court proceedings which allegedly violated his constitutional rights occurring in 2017. It is clear on the face of the Amended Complaint that Plaintiff was aware of those proceedings either as they occurred or within a matter of days thereafter. Clearly, Plaintiff was aware of them long before August 18, 2019. As for Plaintiff's argument for tolling based on the children's age, Plaintiff's Amended Complaint clearly seeks to vindicate only his rights. Thus, no tolling can apply. Any claims arising prior to August 18, 2019, are barred by the statute of limitations.

The limitation issue is particularly relevant to Defendant Banks. Defendant Banks was the public defender appointed to represent Plaintiff at an indirect contempt proceeding.

---

[1] Plaintiff filed his original Complaint on August 18, 2021. He filed an Amended Complaint on September 1, 2021. The operative date is set by the filing of the original Complaint.

Defendant Banks' interactions with Plaintiff all occurred on or before the date of that hearing on October 19, 2017. As this date is well before August 18, 2019, Defendant Banks is entitled to dismissal from this action.

  B. Rooker-Feldman Doctrine

To the extent any of Plaintiff's claims survive application of the statute of limitations, they are barred by application of the Rooker-Feldman doctrine. Plaintiff's claims center on certain proceedings and orders done in the state court case related to his divorce from Defendant Stinnett and child custody/support matters. Plaintiff alleges those orders were wrongfully entered and he has been harmed as a result. In this regard, it is clear that Plaintiff's claims are barred by the Rooker-Feldman[2] doctrine. The Tenth Circuit has explained the doctrine as follows:

> The *Rooker–Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). Thus, the *Rooker–Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994).
> 
>   The *Rooker–Feldman* doctrine "prohibits a lower federal court [both] from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002) (internal citation and quotations omitted). A claim is inextricably intertwined if "the state-court

---

[2] Rooker v. Fid. Trust Company, 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

3

    judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks redress." Id. at 476 (emphasis original).

Tal v. Hogan, 453 F.3d 1244, 1255–56 (10th Cir. 2006) (footnote omitted). Further, "[a] plaintiff cannot circumvent *Rooker-Feldman* by framing his or her challenge to a state-court judgment as a due process claim." Millard v. Camper, 971 F.3d 1174, 1186 (10th Cir. 2020). Because Plaintiff's claims are barred by the Rooker-Feldman doctrine, the Court lacks jurisdiction to consider them and they will be dismissed without prejudice.

  C. Younger[3] Abstention

Given a very liberal reading, Plaintiff's Amended Complaint can be read to raise a claim for prospective relief regarding the continuing child support orders. Defendants argue that if the Amended Complaint is read in this manner, that claim is barred by Younger abstention. Younger abstention applies when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests . . . ." Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com., 240 F.3d 871, 875 (10th Cir. 2001) (quotation marks omitted). If these three requirements are met, and no exceptions apply, a federal court must abstain from hearing the case. Id. As noted above, the child support orders are an ongoing issue and Plaintiff seeks prospective relief from those orders. The Oklahoma court system provides an adequate forum for Plaintiff to contest the validity of those orders. "Family relations are a traditional area of

---

[3] Younger v. Harris, 401 U.S. 37 (1971).

state concern." Moore v. Sims, 442 U.S. 415, 435 (1979). To the extent Plaintiff seeks prospective relief from the ongoing child support orders, the Court abstains from considering those claims and they will be dismissed without prejudice.

D. Failure to State a Claim

Even if Plaintiff's claims were not subject to dismissal pursuant to the Statute of Limitations or the Rooker-Feldman doctrine and Younger abstention, they would be dismissed for failure to state a claim.

Defendants Corley, Thomas, Thompson, Price, and Brown argue Plaintiff's claims against them fail to state a claim for relief. These Defendants note that Plaintiff has sued them in their official capacities pursuant to § 1983. As the Supreme Court made clear in Will v. Michigan Department of State Police, 491 U.S. 58 (1989), state officials acting in their official capacities are not persons under § 1983. Id. at 68-71. Thus, Defendants Corley, Thomas, Thompson, Price, and Brown are correct in noting that Plaintiff has failed to state a claim for relief.

Defendants DeLacerda and Oliver argue that Plaintiff's claims against them are brought only pursuant to § 1983 and because their actions did not occur under color of law those claims cannot survive. As outlined in Plaintiff's Amended Complaint, Defendants DeLacerda and Oliver are private attorneys who represented his now ex-wife, Defendant Stinnett, in the divorce proceedings. Plaintiff argues that DeLacerda and Oliver are state actors because they "prosecuted" the divorce case and prepared Journal Entries for filing by the court.

The "vast weight of authority [holds] that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983). An attorney does not become a state actor simply because she or he employs the procedures provided for by the State. Id. Because Plaintiff has failed to plead facts demonstrating that Defendants DeLacerda and Oliver were state actors for § 1983 purposes, his claims against them must be dismissed.

Defendant Stinnett also seeks dismissal from the case. According to Defendant Stinnett, the only claim brought against her is brought pursuant to § 1983. Defendant Stinnett argues she cannot be sued under that statute as she is not a state actor. The allegations of the Amended Complaint against Defendant Stinnett only raise claims of an alleged interference with visitation of the minor children. Nowhere does Plaintiff plead or argue any facts which would support a finding that Defendant Stinnett acted under color of law in a manner sufficient to support a claim pursuant to § 1983. Defendant Stinnett will be dismissed without prejudice.

As noted above, Defendant Banks was a public defender appointed to represent Plaintiff at an indirect contempt proceeding. As such, Defendant Banks was not acting under color of law during her representation of Plaintiff. See Polk County v. Dodson, 454 U.S. 312 (1981).

E. Individual Capacity

When Plaintiff brings claims against the Defendants Corley, Thomas, Thompson Price, and Brown as state employees it seems clear that he brings those claims in an official capacity basis. However, in his Response to the Motions to Dismiss, Plaintiff argues that he also brings individual capacity claims against these Defendants. Assuming without deciding that Plaintiff has raised a valid individual capacity claim against these individuals, those claims are subject to dismissal. Personal participation is an essential element of a valid individual capacity § 1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). None of these Defendants can be held liable under § 1983 unless Plaintiff has pleaded facts which show an affirmative link between the Defendant's conduct and the constitutional violation. Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996). A defendant cannot be held liable simply because of his or her supervisory position. Id. Rather, "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (citations omitted). Here, Plaintiff has failed to plead facts demonstrating Defendants Corley, Thomas, Thompson, Price, and Brown personally participated in the alleged constitutional violations. Further, Plaintiff's pleadings in regard to these Defendants are nothing more than conclusory allegations and, as such, insufficient to state a claim for relief. See Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013). Plaintiff's claims against Defendants Corley, Thomas, Thompson Price and Brown will be dismissed for failure to state a claim for relief.

F. Eleventh Amendment Immunity

Defendants Corley, Thomas, Thompson, Price, and Brown seek dismissal of Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(1). These Defendants argue that Plaintiff's claims against them are barred by Eleventh Amendment immunity. The Eleventh Amendment provides immunity for a state from suits brought in federal court by private citizens. See P.R. Aqueduct & Sewer Auth. v. Metcalf and Eddy, Inc., 506 U.S. 139, 146 (1993). Defendant Thompson is a bailiff for the state court. Defendant Price is an attorney employed by the Oklahoma Department of Human Services ("OKDHS"), and Defendant Brown is the Director of OKDHS. As Defendants note, Plaintiff has sued them in their official capacity and the Eleventh Amendment provides immunity to state officials sued in their official capacity. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690, n 55 (1978). This is so, as a suit against a state official in an official capacity is a suit against the State itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). When Eleventh Amendment immunity applies, the Court lacks subject matter jurisdiction to consider the claims. Plaintiff argues Eleventh Amendment immunity should not apply because he is raising a constitutional violation. Plaintiff also argues that the Eleventh Amendment does not apply because he is seeking prospective relief.

Plaintiff's argument that the Eleventh Amendment does not apply because he is raising a claim for violation of his constitutional rights is unsupportable. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120 (1984) ("if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.") (citation omitted). To the extent

8

Plaintiff alleges he is seeking prospective relief, that claim is belied by ¶ 38 of his Amended Complaint which seeks an award of $10,000,000.00.  Further, the exception allowing a claim for prospective relief to survive applies only to claims seeking prospective relief.  It cannot apply to a claim seeking a declaration that constitutional violations occurred in the past.  See Buchwald v. Univ. of N.M. Sch. of Med., 159 F.3d 487, 495 (10th Cir. 1998). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants Corley, Thomas, Thompson, Price, and Brown, and those claims will be dismissed without prejudice.

    G. Oklahoma Governmental Tort Claims Act

Defendants Corley and Thomas argue that, to the extent Plaintiff alleges violations of state law or policy, his claims are barred by the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 Okla. Stat §§ 151 *et seq.*  According to Defendants, Plaintiff failed to present the claim to the Oklahoma Office of Risk Management within one year as required by 51 Okla. Stat. § 156.  Plaintiff does not argue that he provided the required notice, but argues that somehow those requirements are negated by Strickland v. Washington, 466 U.S. 668 (1984).  Strickland has no application to this issue.  To the extent Plaintiff raises state law-based tort claims, those claims will be dismissed without prejudice for failure to comply with OGTCA.

H. Judicial Immunity

Alternatively, Defendant judges argue that Plaintiff's claims are barred by the doctrine of absolute judicial immunity. The doctrine of judicial immunity bars a § 1983 suit for damages arising from a judge's performance of judicial duties. Dennis v. Sparks, 449 U.S. 24, 27 (1980). Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." Pierson v. Ray, 386 U.S. 547, 554 (1967) (overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)). Here, the allegations raised by Plaintiff against Defendant judges are based on actions taken by the Defendants in the performance of their duties as judges. Accordingly, the claims against Defendant judges are barred by judicial immunity.

I. Other Motions

Plaintiff has filed a "Motion for Extension of Time to Request Oral Argument and Respond to Doc. 29", and a Motion to Strike. The Motion to Strike requests the Court strike certain statements in the various Defendants' Motions to Dismiss. Plaintiff argues these statements are overly prejudicial to him. Plaintiff's Motion will be denied. The Court has considered the challenged statements and has found them to fall within the bounds of advocacy of that party's position. At this stage, the Court's task is to examine the allegations in the Amended Complaint and determine if they give rise to a claim for relief. The challenged statements bear little impact on that task.

The request for additional time is based primarily on Plaintiff's statement that he did not receive Defendant Stinnett's Motion to Dismiss. The Certificate of Mailing for

that document reflects that it was only provided via the CM/ECF system. As he is appearing pro se, Plaintiff does not have access to that system. Counsel for all Defendants are reminded of their obligation to ensure that Plaintiff receives copies of all pleadings filed in this matter. Nonetheless, the determination that Defendant Stinnett is entitled to dismissal of the claims brought against her was based on law. Any argument by Plaintiff to the contrary would be futile. The remainder of the Motion is premised on Plaintiff's desire to have oral argument on the Motions. The Court does not routinely conduct oral argument on Motions to Dismiss and no reason exists here to deviate from that practice. Accordingly, the Motion will be denied.

## **CONCLUSION**

For the reasons set forth herein, Defendants Judge Phillip Corley, Judge Katherine Thomas and Lisa Thompson's Motion to Dismiss (Dkt. No. 22); the Motion to Dismiss of Defendants Justin Brown and Kelli S. Price (Dkt. No. 24); Defendant Melissa Griner DeLacerda and Jimmy Oliver's Motion to Dismiss (Dkt. No. 28); Defendant Mary Stinnett's Motion to Dismiss (Dkt. No. 29); and the Motion to Dismiss of Defendant Virginia Brooks (Dkt. No. 33) are GRANTED. Plaintiff's claims against these Defendants are DISMISSED without prejudice. Because no amendment could cure the jurisdictional issues a separate Judgment will issue. Plaintiff's Motion to Strike (Dkt. No. 43) and Motion for Extension of Time (Dkt. No. 44) are DENIED.

IT IS SO ORDERED this 2nd day of February 2022.

ROBIN J. CAUTHRON
United States District Judge